DIEGO SÁNCHEZ, Appellant, *v.* REGISTRAR OF PROPERTY OF CAGUAS, Respondent.

No. 1236. Submitted January 10, 1949.—Decided January 17, 1949.

*José O. Sabater* for petitioner. *R. Cintrón Lastra,* Registrar of Property of Caguas, appeared by brief.

MR. JUSTICE MARRERO delivered the opinion of the Court.

On April 21, 1948, Julio E. Iguina executed a notarial deed whereby he sold to Diego Sánchez a certain rural property having an area of one acre (*cuerda*). Upon presentation of a certified copy thereof for record in the registry of property, the registrar refused to record the same on the ground that "it failed to state that the 25¢ Bar Association stamp established by § 6 of Act No. 170, approved on May 15, 1939, had been affixed to and cancelled on the original

deed." The respondent registrar doubtless had in mind the decision of this Court in *Rosario* v. *Registrar*, 65 P.R.R. 436.

■ Section 6 of the "Act to Regulate the Practice of the Notarial Profession in Puerto Rico" (Sess. Laws of 1906, p. 143), as amended by Act No. 170 of May 15, 1939, (Sess. Laws, p. 862) provides, in its pertinent part, as follows:

". . . *Provided,* That it shall be the duty of every notary to *affix to,* and *cancel on,* each original deed that he may execute and the copies thereof that he may issue, a stamp to be adopted and issued by the Bar Association of Puerto Rico, of the denomination of twenty-five (25) cents, the proceeds of the sale of said stamp to be covered into the funds of said association; *And provided, further, That any original deed, or any copy thereof, to which said stamp has not been affixed shall be considered null for all purposes.*"

Construing the above-mentioned Section, we held in *Rosario* v. *Registrar, supra,* that a certified copy of every notarial instrument must recite that the Bar Association stamp is attached to and cancelled on the original deed, in order that the same may be recorded. However, in the copy of the deed involved in the instant proceeding, the notary clearly stated that "the corresponding internal revenue stamps and the notarial [stamp] are cancelled on the original." Although that statement does not textually conform to the provisions of § 6, *supra,* nevertheless, it is sufficient. What the notary doubtless intended to mean was that the corresponding internal revenue stamp had been cancelled on the original, and likewise the notarial stamp, the word "stamp" being omitted from the latter statement. The expression "notarial stamp" thus completed can not at all refer to the notary's seal; it necessarily refers to the notarial tax stamp, since the notary's seal is not cancelled, but is stamped on or affixed to both the original deed and the copies thereof.

On the other hand, although it is true that the notary does not set forth in the aforesaid statement the fact that the notarial tax stamp was attached to the deed, it seems

to us only logical that in order to be able to cancel said stamp on the original deed, the same, in point of fact, must have been attached to the original deed.

■ It is preferable, of course, that notaries should strictly comply with the above-cited statute, and that in the copies which are to be presented for record in the registry they should clearly state that the notarial tax stamp required by law was attached to and cancelled on the original deed. By so doing undue difficulties and delays will be avoided. However, in the instant case, a sensible construction of the statute (Cf. *West India Oil Co.* v. *Buscaglia, Treas.,* 61 P.R.R. 756, 762) demands the conclusion which we have reached, and, consequently, that the decision appealed from be reversed and the record sought ordered.